UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAUL HERNANDEZ,

        Plaintiff,

v.                              CASE NO.  8:14-CV-519-T-17TGW

UNITED CONTINENTAL
HOLDINGS, INC.,

        Defendant.

_____/


ORDER

This cause is before the Court on:


Dkt. 9    Motion to Remand
Dkt. 11  Opposition

This case was filed in Hillsborough County Circuit Court on October 4, 2013, and was removed to this Court on March 3, 2014.  This case was removed on the basis of diversity jurisdiction.  In the Notice of Removal, Defendant asserts that this case became removable on February 27, 2014, when Defendant received the transcript of Plaintiff's deposition.  Defendant indicates that, in his deposition, Plaintiff testified to a past loss of wages of $36,000, a loss of $5,000 for 2014, and a loss of capacity to earn in the future given the nature of Plaintiff's injuries, which Plaintiff estimated at $20,000 per year (not able to operate nursery business).  Plaintiff provided medical bills in the amount of $22,332.50 on February 17, 2014.  Defendant asserts that Plaintiff's deposition testimony of February 18, 2014, combined with Plaintiff's amended answers to interrogatories and amended response to Defendant's request for production, was the first indication of the clear factual showing necessary for removal under diversity jurisdiction.

Case No. 8:14-CV-519-T-17TGW

I.  Standard of Review

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction.  28 U.S.C. Sec. 1441(a).  For the Court to have original jurisdiction over this personal injury claim, there must be complete diversity between the parties, and an amount in controversy exceeding $75,000.  28 U.S.C. Sec. 1332(a). The parties do not dispute complete diversity between the parties; the issue is whether the amount in controversy exceeds $75,000.  As the party seeking removal, Defendant United Continental Holdings, Inc. bears the burden of establishing jurisdiction.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007).  "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts."  Total Fleet Solutions, Inc. v. Nat. Crime Ins. Bureau, 612 F.Supp.2d 1232, 1234 (M.D. Fla. 2009).

If a case is not removable based on the initial pleading, a defendant may file a notice of removal within thirty days of receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. Sec. 1446(b)(3).  The standard set forth in Lowery v. Alabama Power Co., supra, controls in cases in which removal is based on a document received after initial service of the complaint.  Under Lowery, "the court considers the document received by the defendant from the plaintiff...and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."  Lowery, 483 F.3d at 1213.  "The district court has before it only the limited universe of evidence available when the motion is filed-i.e., the notice of removal and accompanying documents."  Id. at 1214.

2

Case No. 8:14-CV-519-T-17TGW

II. Discussion

Plaintiff Hernandez moves to remand because the amount in controversy is not met, pursuant to Plaintiff's binding stipulation (Dkt. 9, p. 8), and therefore this Court lacks subject matter jurisdiction.

Defendant responds that Plaintiff's post-removal affidavit is a post-removal event that has no bearing on the Court's jurisdiction, which is determined as of the date of removal; if jurisdiction is proper on the date of removal, subsequent events such as the loss of the amount in controversy, do not divest the Court of jurisdiction.  Leonard v. Enter. Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Poore v. Am-Amicable Life Ins. Co., 218 F.3d 1287, 1291 (11th Cir. 2000).  Defendant points out that "[c]ourts cannot divest themselves of jurisdiction, even if both parties later stipulate after removal that the jurisdictional threshold has not been met."  White v. State Farm Mut. Auto. Ins. Co., 2013 WL 6061890 at *3 (M.D. Fla. 11/18/2013)(denying motion to remand).  Defendant argues that, given that the parties cannot later stipulate that the jurisdictional threshold has not been met, Plaintiff cannot establish that the jurisdictional threshold is not met by his affidavit filed subsequent to  removal.  Defendant further argues that Plaintiff does not contest the propriety of the removal itself.

After consideration, the Court finds that the Notice of Removal and its accompanying documents (Dkt. 1) unambiguously establish the required amount in controversy, and Plaintiff's affidavit has no bearing on the Court's jurisdiction, which is determined as of the date of removal, March 3, 2014.  Accordingly, it is

Case No. 8:14-CV-519-T-17TGW

**ORDERED** that Plaintiff's Motion to Remand is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 29th day of May, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record